312 So.2d 118 (1975)
Earl E. REEVES
v.
GULF STATES UTILITIES CO. et al.
No. 10210.
Court of Appeal of Louisiana, First Circuit.
March 10, 1975.
Rehearings Denied May 20, 1975.
*119 Dennis R. Whalen, Baton Rouge, for appellant.
Frank W. Middleton, Jr., Baton Rouge, for appellees Gulf States Util. Co., Robert J. Tassin and Royal Globe Indemnity.
Charles E. Pilcher, Baton Rouge, for appellee City of Baton Rouge.
Before LANDRY, BLANCHE and YELVERTON, JJ.
LANDRY, Judge.
Plaintiff Reeves (Appellant) appeals from a jury verdict awarding him damages for personal injuries sustained in an intersectional collision between a motorcycle operated by Appellant in the course of his employment as a motorcycle patrolman by the City of Baton Rouge, and a vehicle belonging to Gulf States Utilities Co., and being operated by Gulf States' employee, Robert J. Tassin. The named defendants are Tassin, Gulf States, and the latter's insurer, Royal Indemnity Company (Appellees). Consolidated herewith is Appellant's suit against his said employer for workmen's compensation benefits, which action was tried before the judge below simultaneously with trial of this tort action. In the compensation suit, Reeves was found to be totally and permanently disabled and awarded benefits at the rate of $49.00 weekly for a maximum of 500 weeks. No appeal was taken from that award. The jury awarded Appellant $27,500.00 in damages, and judgment in that sum was rendered in favor of Appellant against Appellees. The City of Baton Rouge intervened in Appellant's tort action, claiming subrogation to compensation benefits paid in the sum of $2,545.98. Said claim of intervention was recognized below, and judgment rendered herein recognizing Intervenor's right to payment by preference out of the judgment in favor of Appellant; the balance of $24,954.00 was ordered payable directly to Appellant.
Although liability of defendant Tassin was contested below, it was conceded in oral argument before this court that Tassin's negligence was the sole proximate cause of the accident. The sole issue before us relates to the question of quantum. More particularly, the issue is the trial court's alleged impropriety in failing to instruct the jury concerning the applicability of the collateral source rule and its effect in mitigation of damages allowed for loss of future earnings.
Appellant primarily complains of the trial court's permitting Appellees to introduce, over Appellant's objection, evidence of benefits payable to Appellant pursuant to a police retirement plan in the event Appellant should be involuntarily retired *120 from the police force because of injuries sustained in the accident. Appellant argues that benefits paid from the police pension fund fall within the ambit of the collateral source rule and consequently, Appellees are not entitled to mitigation or reduction of damages due Appellant for loss of future earnings because of the possibility of payment to Appellant from said source. Alternatively, Appellant maintains that, having admitted such evidence, the trial court erred in failing to instruct the jury that the collateral source rule applies in this instance because Appellant contributed to said retirement fund and Appellees did not. On this basis, Appellant argues that the trial court should have instructed the jury that Appellees are not entitled to reduction or mitigation of damages due Appellant for loss of future earnings to which the jury might find Appellant entitled. Appellant also contends that the trial court's admission of the objectionable evidence, and and failure to give requested instruction concerning applicability of the collateral source rule, deprived Appellant of a fair trial on the question of damages.
The accident occurred December 15, 1972. Plaintiff was hospitalized that same day. Examination disclosed injury to plaintiff's left shoulder, chest and the left side of plaintiff's head, including a mild brain concussion. In addition, plaintiff developed dizziness and a ringing in his left ear. Plaintiff remained hospitalized for three days and was sent home. It is established beyond doubt that plaintiff has suffered a 50% loss of hearing in his left ear. Hearing in plaintiff's right ear is normal. The nature of plaintiff's hearing loss has seriously affected the ability of plaintiff's left ear to determine the direction from which sound originates. It has also reduced by 50% sound discrimination ability in plaintiff's left ear, meaning that plaintiff's left ear misses about 50% of the words listened to in normal conversation. These difficulties cannot be alleviated by a hearing aid. It is the concensus of medical opinion that plaintiff's dizziness will eventually completely disappear. The medical authorities also unanimously agree that, because of the permanent hearing impairment, plaintiff should not return to duty as a motorcycle patrolman or engage in any other phase of police work which requires plaintiff to carry a gun.
Nevertheless, plaintiff returned to duty in March, 1973, as a foot patrolman walking a daily beat. Appellant was so employed on the day of trial. Plaintiff, who was 30 years old at the time of trial, had approximately eight years experience with the police department. He was 13th on the list eligible for promotion to the rank of sergeant. As a motorcycle patrolman, plaintiff earned a monthly base pay of $850.00, and $35.00 additional as extra hazard pay. In 1972 and 1973, plaintiff earned $1,749.00 and $2,383.00, respectively, doing outside police work for private concerns pursuant to assignment to such work supervised and approved by the police department. Since returning to work as a foot patrolman, plaintiff has been earning his same base salary, but does not receive the $35.00 monthly extra hazard pay.
The testimony of Dr. Arlo Chavers, Medical Examiner, Baton Rouge Police Department, is to the effect he will recommend plaintiff's removal from duty as a foot patrolman. He also made it clear he will recommend plaintiff's assignment to administrative duty, and that plaintiff be retired if such duty is not available. The record shows that if plaintiff is forced to retire, he will receive disability benefits in the sum of $440.00 monthly for the rest of his life.
Dr. John W. Chisholm, Economist, was called by Appellant to project Appellant's loss of future earnings predicated upon Appellant being either dismissed from the force or placed on some nonhazardous administrative duty such as a desk job. The record clearly shows that Appellant's future with the department will take either of these two courses. On cross-examination, Dr. Chisholm was questioned about *121 medical disability benefits available to Appellant in the event of Appellant's enforced retirement. Appellant objected to such evidence.
Appellant contends that medical benefits to which he might be entitled are subject to the collateral source rule. So arguing, Appellant suggests that Appellees are not entitled to credit or reduction of damages which Appellant may recover by virtue of payments to Appellant from such collateral source funds. Therefore, Appellant maintains, evidence of such benefits are inadmissible because of irrelevancy. Appellant further argues that admission of such evidence did incalculable harm and grossly prejudiced the jury on the question of loss of future earnings.
Conversely, Appellees contend the medical disability retirement benefits in question are not collateral source funds because they are provided by municipal ordinance, and also because Appellant does not contribute to the fund. Appellees also argue that, even if the benefits are payable from a collateral source, they would accrue to Appellant only if Appellant is discharged completely from the force and compelled to accept disability retirement. Therefore, according to Appellees, the matter of medical disability benefits addresses itself solely to the question of possible loss of future earnings as a policeman resulting from Appellant's dismissal from the force. This question, Appellees argue, is reached only if Appellant is discharged. In this connection, Appellees contend that Appellant has failed to prove any loss of future income due to physical disability, and also failed to show that Appellant would ever be retired for medical reasons. Appellees also suggest that the record shows a department policy to retain, in some administrative capacity, all officers injured in the line of duty. Therefore, Appellees maintain, the question of whether all or any portion of Appellant's possible disability retirement benefits should be considered subject to the collateral source rule is simply a point never reached by the jury, and should not be considered by this Court. Finally, Appellees argue that the error in admitting the evidence, if any, was harmless.
Finding evidence of disability benefits accruable to Appellant to be relevant to the issue of alleged loss of future earnings, the trial court overruled Appellant's objection to such evidence and permitted its introduction. The court also ruled that it would instruct the jury concerning the collateral source rule. Appellant requested several special instructions be given the jury, including Special Request Number 3, as follows:
"I instruct you that in determining any loss plaintiff may have suffered, you should not take into consideration any disability retirement he may receive, nor any other insurance benefits, nor savings he may have, and therefore not deduct any such amounts from his losses."
The trial court did not give the requested instruction. Neither did he give any other instruction concerning either the definition or applicability of the collateral source rule. In so doing, we find the trial court committed reversible error.
In a civil jury trial, the jury is the judge of the facts as well as the law. While it is the function of the court, in a civil jury trial, to properly charge the jury as to the applicable law, the jury must accept and apply the law as given it by the court. A proper charge of all facets of the law involved is essential in order that a jury may fairly adjudicate the rights, liabilities and obligations of the parties concerned. For these reasons, it is incumbent upon a trial court to give all requested instructions material and relevant to the position of any party litigant. Presley v. Upper Mississippi Towing Corporation, La. App., 141 So.2d 411.
In this case, Appellant claimed damages for loss of future earnings. Appellee sought to minimize recovery of such damages *122 by showing that if Appellant did, in fact, lose employment as a police officer, Appellant would be entitled to retirement benefits. Appellant objected to the introduction of evidence showing his entitlement to pension benefits on the ground that the source of such fund rendered the pension benefits subject to the collateral source rule, which, if applicable, would deny Appellees the benefit of such payments. Appellees' position is that Appellees are entitled to credit for retirement benefits in reduction of damages for loss of future earnings because the fund from which said benefits are paid do not represent a collateral source as defined under our law.
The jury rendered a verdict in favor of Appellant in the amount of $27,500.00 without itemization thereof. Consequently, there is no way of determining the amount awarded for pain and suffering and the amount granted for loss of future earnings, if any. If the jury included an award for loss of future earnings, it is impossible to ascertain the extent to which its finding in this respect was affected by the jury's knowledge that Appellant would receive retirement benefits in the amount of $440.00 monthly, if Appellant were forced to resign as a police officer.
We find no merit in Appellant's contention that the trial court should have instructed the jury that the collateral source rule applies in this instance. This issue, as well as all others in the case, falls within the province of the jury, and must be resolved by the jury in the light of the law as given it by the court, and the facts to which the law must be applied.
We think the trial court properly admitted the controversial testimony because of its relevance in the event the jury found that Appellant established a claim for loss of future earnings. In such event, it became the jury's duty to determine whether the collateral source rule applies to the benefits receivable by Appellant should Appellant be forced to retire. If the jury found that Appellant was entitled to recover lost future earnings, and also found that the collateral source rule applies, the jury was obligated to make such award without diminution thereon predicated upon pension benefits receivable by Appellant. On the other hand, if the jury found Appellant entitled to recover lost future earnings, and also found that the collateral source rule does not apply, the jury was bound to mitigate its award of such damages in view of the benefits receivable by Appellant.
Under the circumstances, the trial court erred in failing to instruct the jury as to the law governing the collateral source rule. The trial court also erred in failing to instruct the jury that it should consider applicability of the collateral source rule only in the event it found Appellant entitled to damages for loss of future earnings resulting from Appellant's dismissal from the police force. The trial court also erred in failing to instruct the jury that if the jury found a loss of future earnings, and found the collateral source rule applicable, the award should not be mitigated because of pension benefits receivable by Appellant. Finally, the trial court erred in not instructing the jury that the jury should reduce or mitigate an award for lost earnings if the jury found the collateral source rule inapplicable herein.
We do not purport to formulate the instruction to be given by the trial court. We note, however, that the instruction requested by Appellant would be highly improper in that it mandates the jury to make a specific finding on an issue which must be decided by the jury in the light of the law as explained to the jury by the court, and the facts which the jury finds.
It is ordered, adjudged and decreed that the jury verdict in favor of plaintiff, Earl E. Reeves, be and the same is hereby annulled, reversed and set aside.
It is further ordered, adjudged and decreed that this matter be and is hereby remanded *123 to the lower court for re-trial of the issue of quantum only.
It is further ordered, adjudged and decreed that on retrial below, the trial court shall instruct the jury concerning the collateral source rule, and the jury's duty in regard thereto, consistent with the views herein expressed; all costs of this appeal to be borne by Appellees, Robert J. Tassin, Gulf States Utilities Co. and Royal Indemnity Company.
Reversed and remanded.
YELVERTON, J., recused.